**NORFOLK AND WESTERN RAILWAY CO.**

v.

**UNITED TRANSPORTATION UNION et al.**

Civ. A. No. 77-1108.

United States District Court,
W. D. Pennsylvania.

May 22, 1980.

H. Woodruff Turner, Neal R. Brendel, Pittsburgh, Pa., for plaintiff.

T. P. Shearer, Pittsburgh, Pa., for defendants.

## MEMORANDUM

WEBER, Chief Judge.

Norfolk and Western Railway filed an action to Vacate and Remand an Award of a Special Board of Adjustment established under the Interstate Commerce Act. The Court remanded the matter to the Board for reconsideration. Upon further report of the Board the Railroad renewed its motion to vacate. This was denied by the Court, terminating the litigation.

Defendants have now filed a petition for taxation of Attorney's Fee, pursuant to 45 U.S.C. § 153(p), as a prevailing party. Plaintiff opposes the award on several grounds, but all agree that attorney fees are awarded only on specific statutory authority and that the dispositive issue is whether this action was one under § 153(p) which would allow an award, or was under § 153(q), which does not provide for such awards.

§ 153(p) covers actions initiated by employees for enforcement of an award. § 153(q) covers suits initiated by the carrier and employees in which review of an award is requested, where they are aggrieved by the award or by failure of the Board's division to include certain terms in the award, or the failure of a division to make an award in a dispute before it.

It appears that this action is clearly under § 153(q) since it was initiated by the carrier and was premised on the complaint that the award was so vague that the Board's division had failed to perform its duty. Defendant, however, raises the case of *Long Island RR Co. v. United Transportation Union*, 76 F.R.D. 16 (E.D.N.Y.1976), which granted an award of attorney's fees to the Union even though the case was initiated by the carrier under § 153(q).

The *Long Island* case involved a situation where the carrier sought review by suit under § 153(q) of the award for an interpretation as to whether it could validly be enforced in view of the possible conflict with the Economic Stabilization Act. The *Union* filed an answer and counter petition for enforcement of the award under § 153(p) and eventually prevailed.

When the Union filed for attorney's fees, the carrier responded that the suit was initiated under § 153(q) and so no award was allowed, or that only a portion of the fees should be paid according to the portion of

the suit attributable to § 153(p). The court felt that such a portioning was unrealistic and the case was basically one in the nature of enforcement and so the entire fee should be awarded to the Union. To find otherwise would allow a scheme which would "permit [the] carrier to dissipate the benefits of an award by winning the race to the courthouse and initiating a review proceeding under subsection (q)." Therefore, the inquiry in such a case is whether the dominant theme is one of review or enforcement. The court found this case to be one of enforcement. Judicial clarification of the award was not necessary, the major issue was whether it could be enforced.

Such is not the situation presented by the Norfolk and Western case. This is more appropriately a review situation, not enforcement. The carrier sought review because the award was so vague that the carrier was left wondering how it was to proceed to write a plan which complied. There was no reason for the Union to try to enforce the award since the award only disallowed the plan submitted by the Railroad. There was nothing to enforce.

Therefore, this case falls entirely under § 153(q), and the principles of the *Long Island* case are not applicable here.

The petition for counsel fees will be accordingly denied.